UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KHALID EDWARDS and JAWARA EDWARDS,

                      Plaintiffs,

       -against-

Police Officer FRANCESCO ALLEVATO, Shield No. 02939; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Khalid Edwards is a resident of Kings County in the City and State of New York.

7. Plaintiff Jawara Edwards is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Francesco Allevato, Shield No. 02939 ("Allevato"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Allevato is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

12. At approximately 10:00 p.m. on February 20, 2013, plaintiffs were lawfully present inside a vehicle parked in the vicinity of 399 Logan Street in Brooklyn, New York.

13. Defendants pulled up next to plaintiffs' vehicle in an unmarked police car and ordered plaintiffs to get out.

14. Plaintiffs complied, and defendants conducted unlawful searches of plaintiffs and their vehicle, recovering no contraband.

15. Defendants became enraged and began to viciously assault plaintiffs, including hitting plaintiff Khalid Edwards repeatedly in the face and striking Jawara Edwards with a baton.

16. Even though defendants' conduct was unlawful, plaintiffs did not resist.

17. Plaintiffs were falsely arrested and taken to a police precinct.

18. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs in possession of marijuana.

19. At no point did the officers observe plaintiffs possess marijuana.

20. The defendants discouraged plaintiffs from going to the hospital, threatening to file additional false charges if they did so.

21. After spending approximately five hours in custody, plaintiff Jawara

Edwards was issued a desk appearance ticket and released.

22. All charges against plaintiff Jawara Edwards were subsequently dismissed.

23. Plaintiff Khalid Edwards was sent to Brooklyn Central Booking.

24. After spending approximately 24 hours in custody, plaintiff Khalid Edwards was arraigned and the criminal charges were adjourned in contemplation of dismissal.

25. Plaintiffs both obtained medical treatment for their injuries.

26. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff Jawara Edwards under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff Jawara Edwards of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution

in that there was no basis for plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of this unlawful conduct, plaintiff Jawara Edwards sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

37. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

39. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiffs.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Malicious Abuse Of Process

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. The individual defendants issued legal process to place plaintiffs under arrest.

47. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

48. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

49. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
**Failure To Intervene**

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

52. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

53. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: June 11, 2013
              New York, New York

                                      HARVIS WRIGHT
                                      SALEEM & FETT LLP

                                      _____
                                      Gabriel Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@hwsflegal.com

                                      *Attorney for plaintiffs*